UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MABEL I. BLAKELY,

        Plaintiff,

                              File No.  1:04-CV-45

v.

                              HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## M E M O R A N D U M   O P I N I O N   A N D   O R D E R

Before the Court is Plaintiff's objection to the Magistrate Judge's June 20, 2005 Report and Recommendation ("R&R").  The Magistrate Judge recommended that the Commissioner's decision that Plaintiff was not disabled before July 15, 2002 should be affirmed.  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objection has been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  Although the Magistrate Judge's R&R is reviewed *de novo*, a deferential standard of review is applied to the Commissioner's decision.  In particular, the Commissioner's decision will be affirmed "if it is supported by substantial evidence.  Substantial evidence is 'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'"  *Howard v. Comm'r of Social Sec.*, 276 F.3d 235, 237-38 (6th Cir. 2002) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Plaintiff's objection to the R&R is quite general.  In her initial brief Plaintiff raised five errors regarding the Commissioner's decision.  While her objection to the R&R requests that the Commissioner's decision be reversed, she only specifically addresses a single claim of error.  She contends that the Commissioner erred by failing to give the opinion of her treating physician, Dr. Miller, controlling weight.  Plaintiff has not raised a specific objection to the Magistrate Judge's other recommendations including: that the Commissioner's adverse credibility determination was supported by substantial evidence, that the vocational expert's response to the ALJ's hypothetical questions provided substantial evidence to support the finding that Plaintiff was not disabled before July 15, 2002, or that the Commissioner's determination that Plaintiff's daily activities undermined her subjective complaints was supported by substantial record evidence.  Therefore, the Court will only address Plaintiff's claim that Dr. Miller's opinion was entitled to controlling weight.

"A treating physician's opinion is normally entitled to substantial deference, but the ALJ is not bound by that opinion."  *Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 477 (6th Cir. 2003). "A treating physician's opinion, is not entitled to great weight when it is conclusory and is not supported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  The ALJ determined that,

2

> [C]ontrolling weight is not given to Dr. Miller's conclusion that the claimant is unable to sustain work activity. This conclusion is a conclusion reserved to the Commissioner. Furthermore, a conclusion regarding the claimant's ability to perform work-related activities must be supported by medical and clinical findings and must not be inconsistent with other evidence of record. The undersigned gives greater weight to the medical assessment of Dr. Sethy that the claimant is capable of a limited range of light work.

A.R. 27. Plaintiff argues that "there is a plethora of objective findings that document the authenticity of [Dr. Miller's] diagnoses." Pl.'s Obj. at 3 (Docket #19). Plaintiff points to the duration of Dr. Miller's treatment of Plaintiff, his observation of her shortness of breath in walking short distances, his prescription of Predisone, and a bronchoscopy performed on Plaintiff in October 2000.

Plaintiff's reliance on this evidence is misplaced. The evidence cited by Plaintiff supports the conclusion that Plaintiff suffers from a certain condition, namely asthma. This diagnosis, however, is not in dispute. The ALJ specifically agreed with Dr. Miller's assessment that Plaintiff "has [] triad asthma which includes nasal polyps, aspirin sensitivity and the asthma itself." A.R. 27. The cited evidence does not support the conclusion that Plaintiff's condition is so severe that she is unable to sustain work-related activity. Dr. Miller's conclusion is based upon his assessment of her subjective complaints, not objective medical criteria. A.R. 219-223. His conclusion rests upon his determination that Plaintiff was credible.

The Commissioner, however, found that her subjective complaints were not fully credible. The credibility of a complaint is an issue specifically reserved to the

Commissioner.  20 C.F.R. § 404.1527(e); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir.

2003) ("Our role is not to resolve conflicting evidence in the record, *or to examine the*

*credibility of the claimant's testimony*.") (emphasis added).  As the Magistrate Judge found,

this credibility determination was supported by substantial evidence. The Court agrees.  The

Commissioner is not bound by a treating physicians' opinions on the ultimate issue of

disability and is only required to give great weight to an opinion if it is supported by

sufficient clinical findings and medical data consistent with the evidence.  *See* 20 C.F.R.

§ 404.1527(e); *Walters v. Comm'r of Soc. Security*, 127 F.3d 525, 530 (6th Cir. 1997);

*Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 287 (6th Cir. 1994). Accordingly,

the Commissioner did not err by refusing to give controlling weight to Dr. Miller's

conclusion.

Plaintiff has not raised any other specific objections to the R&R.  The Court has fully

considered the R&R and has determined that the Magistrate Judge properly analyzed this

case.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED** and the

June 20, 2005 Report and Recommendation of the Magistrate Judge is **APPROVED** and

**ADOPTED** as the opinion of the Court.

Date:     September 13, 2005            /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE